BRUNELLA HABERBERGER, PETITIONER-APPELLANT, v. EVELYN M. MYER, EXECUTRIX OF THE ESTATE OF HAROLD W. MYER, DEFENDANT-RESPONDENT.

Argued January 9, 1950—Decided February 27, 1950.

118

*Mr. Peter J. McGinnis* argued the cause for the appellant. *Mr. Louis C. Friedman* on the brief. (*Mr. Samuel L. Biber,* attorney).

*Mr. John F. Leonard* argued the cause for respondent (*Messrs. Wortendyke & Leonard,* attorneys).

The opinion of the court was delivered by

BURLING, J. This is an appeal from a judgment of the Bergen County Court setting aside an award of fees for legal services made by the Workmen's Compensation Division of the New Jersey Department of Labor and Industry. The appeal is addressed to the Superior Court of New Jersey, Appellate Division, but has been certified on our own motion.

The essential facts are that the petitioner filed a claim petition claiming compensation for her two dependent children and herself as the result of an accident and the ensuing death of her husband, George J. Haberberger, arising out of and in the course of his employment with the defendant. The accident and resulting death occurred on July 30, 1948. The claim petition was filed four days later on August 3, 1948. On August 26, 1948, the defendant filed an answer denying liability. On December 2, 1948, the defendant filed an amended answer admitting liability and offering to pay the full amount of compensation, as well as the amount of the funeral expenses, to which the petitioner was entitled on behalf of herself and her two children, under *R. S.* 34:15–13. The amended answer stated that the claim petition and original answer had been filed before a complete investigation could be made in behalf of the defendant.

The case was initially scheduled for hearing on September 27, 1948, and, after various adjournments, was finally listed for hearing on December 13, 1948, at which time the Deputy Director was advised of the amended answer which had been filed and the offer of payment therein contained. A rule for judgment was filed March 11, 1949, awarding to the petitioner the full amount of compensation, as well as funeral expenses, to which she was entitled on behalf of herself and

her two children, under *R. S.* 34:15–13. The amount awarded was exactly the amount offered by the defendant in the amended answer. The Rule for Judgment also awarded fees for legal services to petitioner's attorney in the amount of $1,000, $600 of which was assessed against the defendant and $400 of which was assessed against the petitioner.

The defendant appealed to the Bergen County Court from that portion of the foregoing judgment awarding fees for legal services. The Bergen County Court reversed and allowed no fee and set aside that part of the judgment of the Workmen's Compensation Division which awarded such fee which was assessed against the defendant in the sum of $600 and against the petitioner in the sum of $400.

The present appeal seeks a review of the judgment of the County Court. The basic question involved is whether, under the facts above stated, the petitioner's attorney is entitled to any fees for his legal services.

Under the early state of the law in New Jersey while an attorney was entitled to compensation for his services, an advocate was entitled to compensation only where there was an express contract to pay therefor; in the absence of such a contract his services were presumed to be gratuitous. *Schomp v. Schenck,* 40 *N. J. L.* 195 (*Sup. Ct.* 1878); *Hopper v. Ludlum,* 41 *N. J. L.* 183 (*E. & A.* 1879); *Bentley v. Fidelity and Deposit Co.,* 75 *N. J. L.* 828, 829 (*E. & A.* 1907); *McCrea v. Stierman,* 76 *N. J. L.* 394, 395 (*Sup. Ct.* 1908). This situation was changed by *R. S.* 2:20–8 (*P. L.* 1903, *c.* 247, as amended by *P. L.* 1911, *c.* 199) and an express contract to pay a specific sum for services is no longer a condition prerequisite to recovery. *Bolte v. Rainville,* 138 *N. J. Eq.* 508 (*E. & A.* 1946). However, certain limitations upon the right to "ask for, contract for or receive" compensation for legal services have been imposed by our Workmen's Compensation Act, *R. S.* 34:15–1 *et seq. R. S.* 34:15–26 (*P. L.* 1911, *c.* 95, as amended by *P. L.* 1913, *c.* 174, *P. L.* 1919, *c.* 93, *P. L.* 1931, *c.* 279, and *P. L.* 1945, *c.* 74) provides in part, as follows:

"When any proceedings have been taken under the provisions of article two of this chapter, the bureau or the judge of the court of common pleas shall, as a part of the determination and order, either for payment or for commutation of payment, settle and determine the amount of compensation to be paid by the injured employee or his dependents, on behalf of whom such proceedings are instituted, to his legal advisers, and it shall be unlawful for any lawyer, or other person acting in that behalf to ask for, contract for or receive any larger sum than the amount so fixed; * * *."

Another section of the Act pertinent hereto is *R. S.* 34:15–64 (*P. L.* 1918, *c.* 149, as amended by *P. L.* 1925, *c.* 98, *P. L.* 1927, *c.* 324, *P. L.* 1928, *c.* 224, and *P. L.* 1945, *c.* 74) which provides:

"* * * The official conducting any hearing under this chapter may, in his discretion, allow to the party in whose favor judgment is entered, * * * a reasonable attorney fee, not exceeding twenty per cent. of the judgment; * * * when in his judgment the services of an attorney * * * were necessary for the proper presentation of the case. When, however, prior to any hearing compensation has been offered or paid, the reasonable allowance for attorney fee shall be based upon only that part of the judgment or award in excess of the amount of compensation theretofore offered or paid. When the amount of the judgment, or when that part of the judgment or award in excess of compensation theretofore offered or paid, is less than two hundred dollars, an attorney fee may be allowed not in excess of fifty dollars.

"All counsel fees of claimants' attorney for services performed in matters before the workmen's compensation bureau, whether or not allowed as part of a judgment, shall be first approved by the bureau before payment. * * *"

■ Our Workmen's Compensation Act as originally passed (*P. L.* 1911, *c.* 95) contained no express provision relating to fees for legal services rendered. By various amendments thereafter, the first of which was passed in 1913 (*P. L.* 1913, *c.* 174) provisions were made for the settlement and determination of fees for legal services rendered under the Act. Since that time our courts have held that the right to compensation for legal services is prescribed and limited by the statute. *Stetser v. American Stores Co.,* 125 *N. J. L.* 275 (*E. & A.* 1940). Therefore a determination of whether the petitioner's attorney is entitled to any fees under the circum-

stances of the present case is dependent upon the meaning of the language of the foregoing sections of the statute.

In *Cook v. Central R. R. Co. of N. J.*, 122 *N. J. L.* 405 (*Sup. Ct.* 1939) ; affirmed, 124 *N. J. L.* 126 (*E. & A.* 1940), it was decided that where an award of compensation was not in excess of the amount of compensation offered by the defendant employer prior to any hearing, the allowance of fees for legal services to be paid by the *employer* "runs squarely counter to the pertinent statutory provisions" of *R. S.* 34:15–64 which provides that "* * * when, however, prior to any hearing, compensation has been offered or paid, the reasonable allowance for attorney fee shall be based upon only that part of the judgment or award in excess of the amount of compensation offered or paid * * *." Since, in the case *sub judice,* the defendant's amended answer, filed before any hearing was had, offered the full amount to which the petitioner was entitled under the statute, and the award made to the petitioner, with only a *pro forma* hearing being required, was in exactly the same amount as the defendant employer had offered, the *Cook case, supra,* is dispositive of the question of the right to fees for legal services to be paid by the employer. In the *Cook case* the offer was made by the employer prior to the filing of petitioner's claim petition while in the present case the offer was made after the claim petition had been filed and by an amended answer, the original answer having denied liability. In each case, however, the offer was made "prior to any hearing," and, accordingly, within the time specified by the statute.

The petitioner's counsel urges, however, that the *Cook case* did not decide that under such circumstances a fee for legal services could not be allowed to him to be paid "by the injured employee or his dependents" as provided in *R. S.* 34:15–26. It is true that the Court in the *Cook case* did not make any determination of this question. The question was not before the Court. The precise question does appear to have been passed upon in *Mazzarella v. Compo-Site, Inc.*, 20 *N. J. Misc.* 182 (*N. J. Dept. of Labor* 1942). In that case an award of compensation was in an amount equal to the

amount offered by the employer prior to the hearing. The Deputy Commissioner, in disposing of the question of fees for legal services said: "* * * I am unable to allow a counsel fee to the petitioner's attorney in view of the provisions of *R. S.* 34:15–64." While the compensation award feature of the *Mazzarella case* was subsequently passed upon by the former Supreme Court, 133 *N. J. L.* 590 (1946) and the former Court of Errors and Appeals, 134 *N. J. L.* 616 (1946), the latter courts were not called upon to make any expression on the question of fees for legal services.

The question subsequently came before our Courts in *Parker v. John A. Roebling's Sons Company*, 135 *N. J. L.* 440 (*Sup. Ct.* 1947); affirmed on opinion below, 136 *N. J. L.* 635 (*E. & A.* 1948). In that case an offer of settlement in the amount of $625 had been made by the defendant employer before hearing. A hearing resulted in an award of $1,225, or $600 more than the amount offered. The Bureau allowed a fee of $180 and assessed $120 thereof against the employer and $60 against the employee. The total fee awarded amounted to 30% of the $600 excess, 20% being assessed against the employer and 10% against the employee.

On appeal, the Common Pleas Court disapproved of the amount of allowance of fees for legal services by the Bureau in the following language:

"As to the question of counsel fee, the Act provides in *R. S.* 34:15–64 that the maximum fee which may be awarded by the Bureau or the Common Pleas Court shall be 20% of the award, or the amount the award is in excess of the offer made. There are no words, nor can there be any reasonable inference in the Statute, which could be interpreted as meaning that the 20% limit applies only against the respondent. I cannot accept the argument of counsel for the petitioner that this section of the statute would allow a fee of 20% against the respondent and that under *R. S.* 34:15–26 an unlimited amount may be awarded against the petitioner. To interpret the provisions of the Workmen's Compensation Act in this manner, would mean that the intent of the Legislature was to give protection for counsel fee of not more than 20% against a respondent, but no protection and no limit for counsel fee allowed against the petitioner."

The former Supreme Court in an opinion by Mr. Justice Wachenfeld affirmed in the following language:

"As to the question of counsel fees, it is argued that the 20 per cent maximum imposed by *R. S.* 34:15–64 limits the amount of counsel fee that can be assessed only as against the employer and not as against the employee. There is nothing in the statute to warrant such an interpretation. The section provides the maximum fee which may be awarded to the prevailing party by the bureau or the Common Pleas Court shall be 20 per cent of the award or the amount that the award is in excess of the offer made. Furthermore this court has heretofore held that counsel fees in excess of the limitation of the statute are beyond the powers of the Bureau. *Guerrero v. J. P. White & Co.*, 12 *N. J. Misc.* 148."

The former Court of Errors and Appeals affirmed.

 The only difference between the *Parker case, supra,* and the present case is that in the former there was an award in excess of the amount offered while in the present case there was no excess. The decision of the *Parker case,* however, clearly states that the 20% maximum imposed by *R. S.* 34:15–64 limits the gross amount of fees for legal services that can be assessed against both the employer and the employee and is to be based upon the award or the amount that the award is in excess of the offer made. Since in the present case there was no excess it necessarily follows that there was no award within the meaning of the statute. Under *R. S.* 34:15–64, an employer may refrain from making an offer of settlement until immediately "prior to any hearing" and thus diminish or entirely defeat the award of fees to a petitioner's attorney, despite the rendition of services in preparation of his client's case for hearing. The making of the policy is a function of the Legislature.

██ It is argued that the judgment below deletes the effectiveness of *R. S.* 34:15–26 and that since both *R. S.* 34:15–26 and *R. S.* 34:15–64 were amended by *P. L.* 1945, *c.* 74, it must not be rendered inoperative as the Legislature is presumed not to enact useless legislation. The source material of *R. S.* 34:15–26 is as follows: *P. L.* 1913, *c.* 174, § 6, *p.* 309, authorized the Court of Common Pleas to "settle and determine the amount of compensation to be paid by the injured employee or his dependents, on behalf of whom such proceedings are instituted, to his legal adviser or advisers

\* \* \*." *P. L.* 1919, *c.* 93, § 8, *p.* 210, extended this authority to the Workmen's Compensation Bureau which was created by *P. L.* 1918, *c.* 149. Subsequent amendments (*P. L.* 1931, *c.* 279 and *P.,L.* 1945, *c.* 74) to this section of the act made no changes in regard to the settlement and determination of fees. Thus, *R. S.* 34:15–26 still serves the purpose of determining the fees which may be paid by the petitioner for legal services rendered on his behalf, in the event of an award within the meaning of the statute, subject to the percentage limitation set forth in *R. S.* 34:15–64. *R. S.* 34:15–64 (*P. L.* 1918, *c.* 149, as amended by *P. L.* 1925, *c.* 98, *P. L.* 1927, *c.* 324, *P. L.* 1928, *c.* 224 and *P. L.* 1945, *c.* 74) devised a plan for an allowance of fees against the employer and in doing so also prescribed the aggregate maximum amount of fees to which the petitioner's attorney may be entitled for legal services rendered.

The petitioner's counsel questions the constitutionality of *R. S.* 34:15–64. This section of the Workmen's Compensation Act limits the allowance of fees for legal services in cases prosecuted under the Act. Such a regulatory provision is manifestly designed to prevent exploitation of persons who seek relief under the statute, as well as to afford some measure of protection against excessive charges being assessed against employers. Such regulations fall within a proper exercise of the police power and do not constitute a denial of due process of law, nor a taking of property without just compensation. Regulatory provisions of this nature in Workmen's Compensation Acts have been held to be constitutional in other jurisdictions in which the question has been raised. *Yeiser v. Dysart,* 267 *U. S.* 540 (1924); *Buckler v. Hilt,* 209 *Ind.* 541, 200 *N. E.* 219 (*Ind. Sup. Ct.* 1936); see also 58 *Am. Jur. Workmen's Compensation, p.* 916, § 544; 5 *Am. Jur., Attorneys at Law, p.* 381, § 200; and annotations, 69 *A. L. R.* 1319; 103 *A. L. R.* 907, 159 *A. L. R.* 926. Lawyers who accept employment under statutes regulating the allowance of fees for their services do so subject to the provisions of such statutes. See *Yeiser v. Dysart, supra; Calhoun v. Massie,* 253 *U. S.* 170 (1920); *Margolin v. United*

*States,* 269 *U. S.* 93 (1925); *Davis v. Avnet,* 65 *A.* 2d 308 (*Md. Ct. of Appeals* 1949).

The judgment of the Bergen County Court is affirmed without costs.

Mr. Chief Justice Vanderbilt, Mr. Justice Heher and Mr. Justice Ackerson would modify the judgment to provide for an award of compensation to be paid by the claimant to his counsel under *R. S.* 34:15–26, as amended by chapter 74 of the Session Laws of 1945.

*For affirmance*—Justices CASE, OLIPHANT, WACHENFELD and BURLING—4.

*For modification*—Chief Justice VANDERBILT, and Justices HEHER and ACKERSON—3.