ARTHUR HOPE, PETITIONER-APPELLANT, v. R. HOE & COMPANY, RESPONDENT-APPELLEE.

Union County Court, New Jersey

Decided June 30, 1953.

*Mr. Joseph Butt,* attorney for petitioner-appellant.

*Messrs. Kalisch & Kalisch,* attorneys for respondent-appellee (*Mr. Isidor Kalisch,* appearing).

McGRATH, J. C. C.  Petitioner filed a claim for compensation for an accident to his right index finger.  The respondent at first denied permanent disability, but later admitted it, and on April 30, 1952, full compensation was allowed but no counsel fee.  The reason given by the deputy director for not allowing any fee was that on April 16, 1952 a letter was received by registered mail by the petitioner's attorney, notifying the petitioner's attorney that the respondent would acknowledge liability.  The award did not exceed the amount contained in such notice.  There was no formal hearing, but on April 30, 1952 the deputy director allowed the petitioner full compensation.

Petitioner's attorney's claim for counsel fee is based on his claim that on April 16, 1952, he was in court with his witnesses, and that it would be unfair to deprive him of a counsel fee under the circumstances.  He relies on the case of *Everhart v. Newark Cleaning & Dyeing Co.,* 14 *N. J. Misc.* 270, 184 *A.* 200 (*C. P.* 1936), and *Haberberger v. Myer,* 4 *N. J.* 116, 71 *A. 2d* 717 (1950).  He takes the position that the offer came too late.  At his insistence and with the consent of the attorney for the respondent, and after a number of hearings and arguments, the court made an order remanding the case to the bureau, for the purpose of finding out whether the case was marked ready prior to April 30, 1952, and whether the case was set down peremptorily for April 30, 1952, through any fault of the petitioner's attorney to prosecute.  Also whether petitioner's attorney was in court on April 16, 1952, with his witnesses, but was not reached.

I now have the information sent to me under oath by the deputy director, although I did not order it under oath, and in this new testimony the petitioner's attorney said:

"In any event, I believe it was next listed for hearing on April 16, 1952, at which time the case was marked ready and I was prepared to proceed, and as I recall the case was not reached.

Then I think, it was next listed on April 30, which I think now is the date the case was actually heard."

On the other hand the deputy director said:

"According to the note that I have in my own handwriting on the calendar of April 16, 1952, the case was marked ready. There is a further memorandum in my handwriting which states 'Petitioner's Attorney on Trial, Upper Court.' This is an indication that when the case was actually called for trial, Mr. Butt was not available and that I was advised that he was engaged in a trial in the Upper Court. There is no note that his client was present. I also find a note in my handwriting that I adjourned the case until April 30, 1952, instructing my secretary to list the case on the latter date as the No. 2 case.

On April 30, 1952, the case was set down again as the No. 2 case on the calendar of that day. A peremptory notice was once again forwarded to the parties. I note, in my handwriting, that I heard the issue and entered an award in favor of the petitioner."

I do not find that petitioner's attorney had carried the burden of proof that he was ready and prepared for trial, and in court with his witnesses on April 16, 1952, before he received any notice to amend, or acknowledgement of liability. On the contrary the deputy director reports that there was no answer when the case had previously been called on March 20, 1952, and the case was accordingly adjourned until April 16, 1952, and marked ready. The petitioner's attorney was not in court, according to the deputy director's records, and the case was adjourned to April 30, 1952. I cannot say that the attorney was at fault since the record shows he was engaged in an upper court on April 16, 1952. Also, he received a notice on the 16th of April which made a formal hearing unnecessary.

I note from the deputy director's unrefuted statement at the hearing on April 30, 1952, that the case was called at 10:00 A. M. on April 30, 1952, but at the request of the petitioner's attorney a conference was held with the deputy and the respondent's attorney in respect to the offer, and

the actual *pro forma* hearing did not begin until 11:15 A. M., because of another engagement of petitioner's attorney. I also note from the record that at no time on April 30, 1952, did petitioner's counsel claim that he had been in court with witnesses ready to proceed on April 16, 1952. His only claim then was that the case had been marked ready on April 16, 1952, and that the offer came too late because the case had been marked ready before the offer. I know of no case or statute which holds that an attorney is entitled to counsel fees merely because the case had been previously marked ready. Nor is there any proof that the attorney did not know on April 16, 1952 that the offer had been made. On the contrary he admits receipt by mail at least as early as 16th of April, and the proof is that it was mailed from Trenton on the 15th of April.

A careful reading of the transcript of what took place on April 30, 1952, the day the award was made, shows that the deputy director said, in the presence of both counsel during the hearing, that the offer of April 15, 1952 was repeated that morning and the case was called when he and counsel for both sides had discussed the matter. This was not denied by the attorney for the petitioner. The statute does not require that the offer shall be in any particular form. It was merely notice to the petitioner and his attorney that no formal hearing was necessary.

In any event, the test of the statute as it existed before the amendment and as it existed when this case was heard in the bureau, is laid down by our Supreme Court in *Haberberger v. Myer*, 4 *N. J.* 116 (1950), is that under the statute as it then existed, when an offer is made of the full amount and only a *pro forma* hearing is required, no counsel fee can be allowed. Much is made of the fact that the offer of the present case is made by way of amendment. The statute does not lay down any form for the offer and provides that the offer must be made prior to any hearing. A mere offer does not require a "hearing." Of course, there are no formal pleadings in the bureau and no hearing on the motion to amend was necessary, since the deputy director had no author-

ity to reject the offer contained therein. The transcript discloses that on April 30, 1952, respondent moved to amend its answer to show an acknowledgement that the petitioner suffered a permanent disability of 100% of the right index finger, and in fact there was no formal hearing, since the entire transcript consists of arguments and colloquies between the attorney for the respondent, attorney for the petitioner and the deputy director, with an occasional question to Mr. Hope. The transcript indicates that no one was sworn as a witness except Mr. Hope. Petitioner relies on the case of *Everhart v. Newark Cleaning and Dyeing Co.*, above. The facts there are different. Of course this court is bound by the decision of *Haberberger v. Myer*, above.

I find that petitioner's attorney had notice before the *pro forma* hearing in this case on April 30, 1952, that an offer had been made.; that the offer was in good faith and the hearing was only *pro forma*; that there are no facts upon which a counsel fee could be allowed in this case, under the statute as it then stood. I also find that there was no proof that on April 16, 1952 the attorney for the petitioner and his client were in court ready to proceed, but that the records indicate the contrary, and I also find that there is no proof that the petitioner's counsel had no knowledge on April 16, 1952, that an offer had been made.

If I had the authority I would allow the petitioner's attorney $250, one-half to be paid by the respondent and one-half by the petitioner, but I have no such authority, and the appeal is dismissed.

I may add that the appeal is addressed to the failure of the bureau to allow counsel fees against either or both the petitioner and the respondent, but there is no proof that the petitioner had any knowledge of this appeal, but my decision is not based on this, nor is it influenced in any way thereby.

It is, therefore, on this 30th day of June, 1953, ordered and adjudged that the appeal is dismissed.