36 N.J. Super. 546 (1955)
116 A.2d 641
HAROLD SEITZ, PETITIONER-RESPONDENT,
v.
THE SINGER MANUFACTURING COMPANY, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued July 5, 1955.
Decided July 26, 1955.
*547 Before Judges FREUND, SMITH and LEYDEN.
Mr. Nathan Reibel argued the cause for petitioner-respondent (Forman and Forman, attorneys).
Mr. Ralph E. Cooper argued the cause for respondent-appellant (Minard, Cooper, Gaffey & Webb, attorneys).
The opinion of the court was delivered by JOSEPH L. SMITH, J.S.C. (temporarily assigned).
This is an appeal from a judgment of the Union County Court, 34 N.J. Super. 88, setting aside a denial of an award of fees for legal services made in the Workmen's Compensation Division of the Department of Labor and Industry.
Petitioner was a regular employee of the respondent, and respondent's records show that he was injured on August 18, 1952 as the result of an accident arising out of and during the course of his employment with the respondent, of which it had due and timely notice.
The petitioner was continuously under the care of physicians and was being paid his temporary disability. There is *548 no indication that at any time was there a refusal to pay this temporary disability.
On March 4, 1954 the petitioner filed a claim petition claiming compensation for himself as a result of an accident arising out of and in the course of his employment with respondent on the aforesaid August 18, 1952; the petition cites August 15, 1952 but the deputy director accepted the company records of August 18, 1952.
The respondent, by its answer, admitted liability and stated the injury to be "sacro iliac sprain right side of back." It appears that the respondent met its statutory duty and furnished medical treatment until July 8, 1954 and paid 98 3/7 weeks temporary disability benefits of $2,952.86.
On July 15, 1954, eight days after treatment ceased, the respondent offered the petitioner two checks  one in the amount of $30 identified as "compensation for week, 1st week of 440 weeks of Permanent Compensation," and another check representing the last payment of temporary compensation in the sum of $12.86. Mr. Diehl, the personnel manager of respondent-appellant, who handed the two checks stated to petitioner that, in the words of the petitioner, this was "the last of my temporary compensation." "Then he handed me another check and he said this was the beginning of eighty percent of permanent disability."
As previously stated, the petition was filed on March 4, 1954 and an answer filed on April 6, 1954 wherein temporary disability was admittedly "still being paid but as to permanent disability it was `in question.'"
On June 24, 1954 the Division of Workmen's Compensation sent out notices to all parties that the case was set down for hearing "Perempt" on Monday, July 19, 1954.
On July 12, 1954, four days after treatment was stopped, the amended answer was filed wherein respondent admits "Permanent disability 80%  440 weeks  $13,200.00." Respondent denies that he had any notice of this amended answer.
On the hearing day, July 19, 1954, it was determined that Seitz, the petitioner, was totally and permanently disabled *549 and it was ordered that he be paid 450 weeks at $30 per week, or a total of $13,500, and that he be entitled to additional continuous benefits under R.S. 34:15-12(b). The deputy director determined that appellant had, on Thursday, July 15, 1954, in good faith and within a reasonable time prior to the hearing held on Monday, July 19, 1954, by virtue of the check constituting the one week's compensation based on 80% of permanent total disability, made a sufficient tender in good faith within a reasonable time prior to the hearing as to limit the allowance to the attorney "based upon only that part of the judgment or award in excess of the amount of compensation theretofore offered, tendered in good faith or paid." As a result the counsel fee was allowed in the sum of only $60, 20% of the difference between $13,200 offered and $13,500 awarded.
An appeal was taken from this allowance of counsel fee by the deputy director to the Union County Court which reversed the determination in this respect by the deputy director. The statute controlling such allowance is R.S. 34:15-64:
"* * * When, however, at a reasonable time, prior to any hearing compensation has been offered and the amount then due has been tendered in good faith or paid, the reasonable allowance for attorney fee shall be based upon only that part of the judgment or award in excess of the amount of compensation, theretofore offered, tendered in good faith or paid." As amended L. 1952, c. 318, p. 1040, effective June 18, 1952.
Prior to the statute being amended in 1952 an offer could be made at any time before a hearing and thus defeat all the work of an attorney and limit his fee to only the difference between the amount offered and the amount awarded  that is to say, 20% of the difference.
In the Haberberger v. Myer, 4 N.J. 116 (1950), case, it points this out and shows that such policy is controlled by the Legislature in enacting such a law.
"Under R.S. 34:15-64, N.J.S.A., an employer may refrain from making an offer of settlement until immediately `prior to any hearing' and thus diminish or entirely defeat the award of fees to a *550 petitioner's attorney, despite the rendition of services in preparation of his clients case for hearing. The making of the policy is a function of the legislature."
It is apparent that the Haberberger case played some part in the amended statute, R.S. 34:15-64 as amended, which now provides "When, however, at a reasonable time, prior to any hearing compensation has been offered * * *." The plight of the petitioner attorney has been realized and corrected. The only problem now is to determine what is a "reasonable time," that is, to determine whether the tender or payment on July 15, 1954 was a reasonable time prior to the hearing on July 19, 1954 in the circumstances.
An examination of the record indicates that respondent-appellant was put on notice that petitioner was totally disabled as early as May or April in 1954 when respondent's doctors were treating him.
An amended answer was filed admitting 80% of total disability on July 12, 1954 and the record is void of any evidence which shows that petitioner or his attorney were notified of this fact. This is concededly true.
On May 3rd, at the hearing before the deputy director, the case was postponed for two months to ascertain if there would be further improvement by treatment of the petitioner's psychoneurosis rather than to definitely label him as permanently disabled; that the petitioner was then in the hands of a psychiatrist paid for by the appellant, and appellant then knew or should have anticipated with reasonable certainty the chances were there would be no improvement; and then further the card notifying all parties of the peremptory hearing by the Division on July 19, 1954, was mailed on June 24, 1954, and presumably received by the appellant on June 25, so that the appellant had from June 25 to make its decision, stop the temporary payments and act promptly in amending its answer and making the tender of the amount due. Instead, it waited until July 12 to amend its answer and until July 15 to make the tender or payment. Therefore, the tender was not made within a reasonable time prior to the hearing within the intendment of the statute.
*551 On July 15, 1954 the respondent-appellant, or Mr. Diehl, offered a check to petitioner and said it was the beginning of 80% of permanent disability. Such an offer cannot be deemed a bona fide offer to settle the matter within a reasonable time, as provided by statute.
The offer and tender was made by check. The petitioner maintains that under the statute the offer and tender must be made with cash. None of the cases which the petitioner cites in his brief is on point, for the limited issue of whether a check is sufficient within the meaning of the act. Apart from case rulings, common sense belies the petitioner's contention. The discernible rules are clear that a check is sufficient. Hayes v. Federal Shipbuilding & Dry Dock Co., 5 N.J. Super. 212 (App. Div. 1949), is dispositive.
The aforesaid R.S. 34:15-64, as amended, is for the protection of attorneys and their fee. Since no notice was given to counsel and the offer made only two working days before the hearing, this court is not of the opinion that the statutory requisite of "a reasonable time" had been complied with. Were we to hold otherwise, such a belated offer would still circumvent the amended statute and the attorneys would be back where they were before the amendment was enacted.
Since the statute in question was enacted for the benefit of the attorneys it must be construed as such and with an eye to their benefit. It is only just that the offer be communicated to him so that he might advise his client and arrange his schedule accordingly. See Davala v. American Bridge Co., 36 N.J. Super. 274.
The determination of facts and judgments of the County Court will be affirmed.