259 N.J. Super. 425 (1992)
614 A.2d 160
ROSCOE MILLER, PETITIONER-RESPONDENT,
v.
JOSEPH SAVINO & SON, INC., RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 15, 1992.
Decided October 14, 1992.
*426 Before Judges MICHELS and BAIME.
David Lustbader argued the cause for appellant (Philip M. Lustbader and David Lustbader, attorneys; John L. Riordan, Jr., of counsel and on the brief).
Ronald H. Siegel argued the cause for respondent.
The opinion of the court was delivered by MICHELS, P.J.A.D.
Respondent-employer Joseph Savino & Son, Inc. appeals from a judgment of the Division of Workers' Compensation (Division) that awarded petitioner-employee Roscoe Miller attorney fees of $11,500. The pivotal issue raised by this appeal is whether respondent's offer of compensation for 100% of the right eye and tender of the amount then due to petitioner was made within a reasonable time within the scope and intendment of N.J.S.A. 34:15-64, and, therefore, whether the Division judge erred in awarding fees on that component of the judgment.
On June 20, 1989, petitioner was injured when a piece of cardboard tubing struck his right eye during the course of his employment with respondent. Petitioner immediately left work and did not return until October 25, 1989. Respondent was notified of the accident on the day it occurred. Public Service Mutual Insurance Company, the workers' compensation carrier *427 for respondent, paid petitioner temporary disability benefits to November 8, 1989, which were deemed to be adequate. On December 18, 1989, petitioner filed a claim petition, seeking benefits for the injuries he sustained. On February 27, 1990, respondent answered the claim petition and by letter of even date requested that petitioner's attorney arrange for petitioner to be examined by the Eye Clinic. By letter dated March 15, 1990, petitioner's attorney forwarded petitioner's medical information to respondent. Thereafter, on April 26, 1990, petitioner was examined by Dr. Herbert F. Hein of the Eye Clinic. By letter dated May 10, 1990, Dr. Hein reported to respondent that petitioner had sustained 100% disability of his right eye and that petitioner did not require any further medical treatment.
On May 24, 1990, petitioner, through his attorney, advised respondent that he "need[ed] additional treatment" and requested authorization for the same. On June 5, 1990, petitioner's attorney informed the Division judge that petitioner "[was] returning to his eye surgeon to determine if any further treatment [was] needed" and, therefore, requested that the pretrial hearings scheduled for June 19, 1990 "be adjourned for three cycles." On June 16, 1990, respondent authorized further treatment and advised petitioner to make an appointment with Dr. Hein. On July 31, 1990, Dr. Hein reexamined petitioner and by letter dated August 2, 1990, advised respondent that petitioner still had and would continue to have 100% permanent disability in the right eye by virtue of the marked decrease in central vision in the eye secondary to his work-connected injury. Dr. Hein also reaffirmed his prior opinion that there was no medical or surgical treatment that would further improve vision in petitioner's right eye, that petitioner did not require any surgery, and that petitioner would not benefit from any such surgery. On August 2, 1990, respondent offered petitioner compensation benefits for 100% of the right eye, which amounted to 200 weeks at $600 per week for a total of $32,000. At the same time, respondent tendered to petitioner its check in the amount of $6240, representing 39 weeks of the 200 weeks and *428 informed petitioner that checks will be issued every 4 weeks until the direct settlement offer is completed.
On February 5, 1991, the matter was pretried. On May 21, 1991, trial commenced and continued into July 1991. At the conclusion of the testimony, the Division judge awarded petitioner compensation benefits for 100% of the right eye and 15% of partial total for the residuals of the structural changes to that eye and for a post-traumatic stress disorder. The total compensation award to petitioner was $66,120, against which respondent was to receive a credit for the payment of $32,000. The Division judge also awarded attorney fees of $6500, $4000 of which was to be paid by respondent and $2500 by petitioner. Subsequently, the Division judge increased the award of attorney fees to $11,500, concluding that "respondent's offer of 100 percent of the eye was not made within a reasonable time." Respondent appealed the increased award of attorney fees, contending that the offer of compensation for 100% of the right eye and the tender of payment of the amount then due were made within a reasonable time as required by N.J.S.A. 34:15-64. We agree and reverse.
N.J.S.A. 34:15-64 empowers a Division judge to award petitioner attorney fees not to exceed 20% of the judgment.
The statute also, in pertinent part, provides:
When, however, at a reasonable time, prior to any hearing compensation has been offered and the amount then due has been tendered in good faith or paid within 26 weeks from the date of the notification to the employer of an accident or an occupational disease or the employee's final active medical treatment or within 26 weeks after the employee's return to work whichever is later or within 26 weeks after employer's notification of the employee's death, the reasonable allowance for attorney fee shall be based upon only that part of the judgment or award in excess of the amount of compensation, theretofore offered, tendered in good faith or paid. When the amount of the judgment, or when that part of the judgment of award in excess of compensation, offered, tendered in good faith or paid as aforesaid, is less than $200.00, an attorney fee may be allowed not in excess of $50.00.
N.J.S.A. 34:15-64, as it now reads, clearly was enacted to encourage employers to offer compensation at a reasonable time prior to a hearing by reducing the amount of attorney fees that may be awarded when the employer has made such an *429 offer in good faith. See Young v. Western Elec. Co., Inc., 96 N.J. 220, 226, 475 A.2d 544 (1984); Torres v. Miller, 238 N.J. Super. 158, 162, 569 A.2d 301 (App.Div. 1990). The present law was the result of amendment affected by L. 1952, c. 318, § 1. Prior to the 1952 amendment, an offer of payment of compensation by a respondent at any time before hearing operated to deprive petitioner's attorney of any fee based on the amount of the offer, regardless of the services he had rendered. See Moore v. Magor Car Corp., 47 N.J. Super. 425, 429-30, 136 A.2d 31 (App.Div. 1957), aff'd 27 N.J. 82, 141 A.2d 536 (1958); Haberberger v. Myer, 4 N.J. 116, 124, 71 A.2d 717 (1950). The 1952 amendment changed the law so that in order to reduce or eliminate the attorney fees, compensation had to be offered and the amount then due tendered in good faith or paid at a reasonable time prior to any hearing. Moore v. Magor Car Corp., supra, 47 N.J. Super. at 430, 136 A.2d 31. The purpose of this change was to offer greater protection to attorneys who may have invested substantial time and effort into representing claimants prior to the making of an offer by a respondent. See Coponi v. Federal Indus., 31 N.J. 1, 6-8, 155 A.2d 1 (1959). See also Moore v. Magor Car Corp., supra, 47 N.J. Super. at 430, 136 A.2d 31; Davala v. American Bridge Co., 36 N.J. Super. 274, 278, 115 A.2d 581 (App.Div. 1955). The offer and tender of payment must not only be timely, but they must also be made unconditionally and in good faith. Coponi v. Federal Indus., supra, 31 N.J. at 7, 155 A.2d 1.
Respondent's August 2, 1990 offer of compensation was unconditional and made in good faith. Although the offer was made more than 26 weeks after the date of the accident, more than 26 weeks after petitioner's final active treatment and more than 26 weeks from the date of the last temporary disability payment, we are satisfied that the offer and tender were made within a reasonable time prior to any hearing in the Division.
Petitioner's request for further medical treatment on May 24, 1990 extended the time within which respondent could make an offer of compensation and a good faith tender of payment of *430 the amount then due under N.J.S.A. 34:15-64. N.J.S.A. 34:15-64 requires only that at a reasonable time prior to any hearing, an offer of compensation and good faith tender of payment of the amount due be made. Here, the offer of compensation benefits for 100% of the eye and tender of the amount then due was made to petitioner prior to the pretrial hearing on February 5, 1991 and prior to the commencement of the trial on May 21, 1991. Respondent authorized the treatment on June 16, 1990. Dr. Hein reexamined petitioner on July 31, 1990, and by letter dated August 2, 1990, reported to respondent that petitioner still had 100% permanent disability of the right eye, and that no medical or surgical treatment would further improve petitioner's vision. Dr. Hein again concluded that petitioner would not benefit from any further surgery. On August 2, 1990, Public Service Medical Insurance Company unconditionally offered petitioner compensation for 100% of the eye and made a good faith tender of the amount then due. Under these circumstances, the offer of compensation and good faith tender were made within a reasonable time within the meaning and intendment of N.J.S.A. 34:15-64.
Moreover, we do not read the 1979 amendment to N.J.S.A. 34:15-64 to render respondent's unconditional offer and good faith tender of payment ineffective. The 1979 amendment, L. 1979, c. 283, § 16, added the phrase "within 26 weeks from the date of the notification to the employer of an accident or an occupational disease or the employee's final medical treatment or within 26 weeks after the employer's return to work, whichever is later, or within 26 weeks after employer's notification of the employee's death" to the portion of the statute quoted above. Again, because petitioner requested further medical treatment, respondent's offer of compensation was reasonable even though it was made after the expiration of all of the 26 week periods set forth in the statute. To arrive at a contrary conclusion would undermine an important purpose of the legislation and place employers in an untenable position. Employers would be forced to offer compensation and make a *431 tender of payment within the 26 week period to obtain the benefits of the statute even though further medical treatment may be requested or needed. Our Legislature could not have intended this and we will not countenance such a result in this case. If further treatment is requested, an employer should be afforded reasonable time to conduct further medical examinations and determine whether such treatment is necessary. If the treatment is necessary it should be provided. Therefore, the request for further treatment must extend the time within which an offer of compensation and tender of payment may be made under the statute. Consequently, we hold that the Division judge erred in concluding under the present circumstances that the offer of compensation and tender of payment were not made within a reasonable time as required by N.J.S.A. 34:15-64 and, therefore, erred in awarding petitioner attorney fees based upon that portion of the judgment that awarded compensation benefits for 100% of the right eye.
Accordingly, the amended judgment under review is reversed and the award of attorney fees is reduced to $6500.