933 A.2d 16 (2007)
396 N.J. Super. 118
Philip MENICHETTI, Petitioner-Respondent,
v.
PALERMO SUPPLY COMPANY, Respondent-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted September 24, 2007.
Decided October 10, 2007.
Sherman & Viscomi, attorneys for appellant (Anthony J. Brown, on the brief).
Silvi, Fedele & Honschke, attorneys for respondent (Ralph F. Fedele, on the brief).
Levinson Axelrod, attorneys for amicus curiae New Jersey Advisory Council on Safety and Health (Richard J. Marcolus, Edison, on the brief).
Before Judges WEISSBARD, S.L. REISNER and GILROY.
The opinion of the court was delivered by
S.L. REISNER, J.A.D.
This case concerns the proper construction of N.J.S.A. 34:15-64c, a provision of the Workers' Compensation Act[1] that allows an employer to pay a reduced amount of counsel fees to the employee if the employer makes a good faith offer of compensation prior to the hearing. The issue is whether such an offer, which is made before the employer has the employee examined by its doctor but which also turns out to be higher than the percentage of permanent disability that the employer's doctor eventually determines, is nonetheless "tendered in good faith" so as to reduce the employer's liability to pay the employee's counsel fees. We hold that *18 such an offer does entitle the employer to the benefit of the statutory reduction in counsel fees.

I
Where an employee obtains a judgment awarding workers' compensation, the Act requires the employer to pay the employee's counsel "a reasonable attorney fee, not exceeding 20% of the judgment." N.J.S.A. 34:15-64a. However, the Act also provides the employer an incentive to offer compensation in advance of any hearing on a claim petition, by providing that if the employer makes the offer and actually tenders the offered compensation, any counsel fee will be calculated only on the difference between the employer's offer and the eventual award.
A fee shall be allowed at the discretion of the judge of compensation when, in the official's judgment, the services of an attorney and medical witnesses are necessary for the proper presentation of the case. . . . When, however, at a reasonable time, prior to any hearing compensation has been offered and the amount then due has been tendered in good faith or paid within 26 weeks from the date of the notification to the employer of an accident or an occupational disease or the employee's final active medical treatment or within 26 weeks after the employee's return to work whichever is later or within 26 weeks after employer's notification of the employee's death, the reasonable allowance for attorney fee shall be based upon only that part of the judgment or award in excess of the amount of compensation, theretofore offered, tendered in good faith or paid. When the amount of the judgment, or when that part of the judgment or award in excess of compensation, offered, tendered in good faith or paid as aforesaid, is less than $200, an attorney fee may be allowed not in excess of $50.
[N.J.S.A. 34:15-64c (emphasis added).]
Against this statutory backdrop, we briefly review the facts and procedural history giving rise to this appeal. Petitioner Philip Menichetti injured his knee at work on October 7, 2005. He filed a claim petition on November 7, 2005. However, he did not undergo a partial medial meniscectomy of the knee until two days later on November 9, 2005. He received follow-up care from his doctor in December 2005. Less than two months later, on February 22, 2006, before having Menichetti examined by its own doctor, the employer offered Menichetti an amount representing fifteen percent of partial disability of petitioner's leg. The employer paid Menichetti in accordance with its offer.
The employer's doctor examined petitioner in April 2006, but was unable to opine with certainty as to permanency because petitioner did not bring his treatment records to the examination. In June 2006, after receiving the records, the employer's doctor opined that there was a seven and one-half percent permanent disability. Petitioner's doctor, who examined him in August 2006, found a forty-five percent disability. By November 2006, the parties had agreed upon a settlement of twenty-two and one-half percent disability with credit for the fifteen percent the employer had already paid. However, they disagreed on whether the original tender was a bona fide offer under N.J.S.A. 34:15-64c, for purposes of calculating petitioner's counsel fee.[2] *19
Relying on Coponi v. Federal Industries, 31 N.J. 1, 155 A.2d 1 (1959), the workers' compensation judge determined that the employer's initial tender was not made in good faith, because the employer had no medical basis on which to make the offer.
[T]he Court has to look at whether or not there is a basis for the respondent making the tender, and I've felt in this case that that amount was more than should have been made, so to speak, in good faith, as being a good faith tender, there was no real basis to make that amount of tender . . . and the more proper amount of tender should have been . . . 7½ percent, based upon the respondent's medical examination, which was what disclosed the disability.
Hence, the judge reasoned that the employer's credit should be limited to the seven and one-half percent disability later substantiated by its doctor.

II
Based upon our consideration of the Act and applicable case law, we conclude the trial court misconstrued N.J.S.A. 34:15-64c. We begin by considering Coponi, supra, the case on which the trial judge relied. In that case, the employer had the employee examined, and had a doctor's opinion as to sixty percent disability, some seven weeks before the employer made an offer to pay compensation. Moreover, the offer was not couched in terms of any agreement to pay a specific percentage, or to be bound to pay that percentage on a permanent basis. Rather, the employer simply made a general offer to pay compensation and began sending the employee checks. Not until just prior to the hearing did the employer finally concede that it agreed the employee had a sixty percent disability.
In considering the issue of the employer's right to pay reduced counsel fees under N.J.S.A. 34:15-64c, the Court first considered the purpose of the statute and its relationship to the offer requirement:
The statute possesses a dual function. It is designed to give protection to an attorney who invests substantial time and effort in the employee's claim, and to stimulate the full, fair, unqualified and timely discharge of the employer's obligation to pay compensation. Accomplishment of these objectives can be brought about only by an interpretation which gives full force to the lawmakers' language. The requirement for the offer of compensation (that is, the amount of benefits or the percentage of disability which the employer concedes, subject to N.J.S.A. 34:15-16, to be discussed later) and the tender "in good faith" of the sum then due represents the measure of the duty imposed. The obligation to make a good faith tender is not limited to the mere delivery of cash or a check for any benefits then due; it cannot be considered as a separate and distinct matter. The real significance must be gathered from the context, that is, in relation to and in characterization of the nature of the offer to pay compensation. The two factors manifestly were designed to impose upon the employer the duty to make an unconditional and unqualified offer to pay compensation and to express it in terms that leave no room for misunderstanding.
[Coponi, supra, 31 N.J. at 7, 155 A.2d 1.]
*20 The Court found that the employer could have made a specific offer, because it had its doctor's report in hand seven weeks before it made the offer. Id. at 9-10, 155 A.2d 1. Moreover, the Court concluded that the initial offer did not serve the purposes of N.J.S.A. 34:15-64c to avoid litigation, and thus it did not trigger the employer's right to pay a lower counsel fee:
In this connection, when an employer in due course begins to make weekly payments on permanent disability, his duty is not fully discharged simply by forwarding a check bearing the legend "permanent compensation." The employee remains uninformed as to the basis on which he is being compensated. Has his permanent disability become fixed and thus capable of being estimated? Is he being given benefits in consequence of such an estimate by the employer's physician and is the check a tender indicative of an undertaking to pay for a fixed amount of disability? Is the situation such that the permanent disability cannot be accurately gauged at the time, but the payments are in contemplation of adjustment to the disability when it becomes capable of definite ascertainment? Fairness requires that such relevant information be furnished along with the installment remittances. Otherwise the extent of the injured man's monetary recovery remains shrouded in doubt and that doubt inevitably will breed adversary proceedings.
[Coponi, supra, 31 N.J. at 11-12, 155 A.2d 1.]
Coponi turned on the employer's failure to make a sufficiently specific offer. Nothing in Coponi supports the conclusion that an employer's offer of judgment for a specific percentage of disability is not a good faith offer simply because the offer is made before the employer has the employee evaluated by its doctor. Nor does Coponi support the view that an employer should be penalized for making too generous an offer.
The purpose of the statute, as Coponi recognizes, is to encourage the employer to offer a settlement and start paying the employee at an early date. Thus, litigation may be avoided and the employee may receive prompt compensation. In this case, the employer promptly extended a more generous offer than it might have made had it waited until the employee was examined by its doctor. We fail to see how the employee was disadvantaged in the process. He began receiving compensation promptly, which was the result intended by the Act.
To the extent that the statute removes the employee's and counsel's incentive to fight for the proverbial last dollar, because fees will not be awarded except on the amount of the award in excess of the employer's offer, that appears to have been the Legislature's intent. On the other hand, we understand the concern advanced by the amicus curiae, that by making an offer under N.J.S.A. 34:15-64c, the employer can effectively deprive the employee's counsel of the right to fees for work done before the offer was made. This issue was addressed in Moore v. Magor Car Corp., 27 N.J. 82, 141 A.2d 536 (1958), where the Court recognized that the statute could have just such an impact. A prior version of the statute had enabled employers to deprive counsel of fees by making an offer at any time prior to the hearing. Id. at 85-86, 141 A.2d 536. Recognizing the resulting unfairness, the Legislature amended the statute to provide that an offer must be made a "reasonable time" prior to the hearing. Id. at 86, 141 A.2d 536. Construing that version of the statute, the Court in Moore found that the employer did not act within a "reasonable *21 time" where it delayed making an offer despite having medical proof that the employee had lost one hundred percent use of his eye. Id. at 89-90, 141 A.2d 536. See also Davala v. American Bridge, Co., 36 N.J.Super. 274, 278-80, 115 A.2d 581 (App.Div.1955)(recognizing the potentially harsh impact on petitioners' attorneys and holding employer to strict standard of tendering, as opposed to merely offering, compensation).
In 1979, the statute was further amended to specify the twenty-six week time frame within which an offer must be made. See Miller v. Joseph Savino & Son, Inc., 259 N.J.Super. 425, 430 614 A.2d 160 (App.Div.1992), certif. denied, 133 N.J. 431, 627 A.2d 1137 (1993). In Miller, we recognized that the statute represented a compromise and "clearly was enacted to encourage employers to offer compensation at a reasonable time prior to a hearing by reducing the amount of attorney fees that may be awarded when the employer has made such an offer in good faith." Id. at 428-29, 614 A.2d 160. See Gorman v. Waters & Bugbee, Inc., 374 N.J.Super. 513, 522, 865 A.2d 735 (App.Div.2005)("One of the prime purposes of the 1979 amendment to N.J.S.A. 34:15-64 was to encourage employers to make voluntary tenders within fixed timeframes."). However, as we also recognized in Miller, if an employer makes an offer within the statutorily-recognized reasonable time, the employee's counsel may be deprived of a fee. In fact, in Miller, the attorney was awarded no fee at all with respect to petitioner's eye injury, because the employer had offered one hundred percent disability for the eye within two months after receiving a medical report as to the permanency of the injury. We noted that the requirement of a "reasonable time" must be construed so as to give the employer a reasonable amount of time to have the employee examined before making an offer of compensation for permanent injury. Miller, supra, 259 N.J.Super. at 430-431, 614 A.2d 160. Nothing in Miller suggests that an employee should be penalized for making an offer before having the employee examined.
There is no claim in this case that the employer waited an unreasonable amount of time before having petitioner examined or otherwise delayed unreasonably in making its offer. In fact, the employer obtained a medical opinion as to permanency before petitioner did. We have consistently recognized that the statute in some cases deprives petitioners' attorneys of fees for work already performed. However, arguments for amendment of the statute must be addressed to the Legislature.
Accordingly, on the fee issue we reverse and remand for entry of an amended judgment giving the employer credit for the full statutory reduction to which it is entitled.
NOTES
[1] N.J.S.A. 34:15-1 to -128.5.
[2] The employer initially claimed before the compensation judge that the case should not be considered settled because the parties had not agreed on the fee amount. The judge concluded otherwise and addressed the fee issue. In appealing the judgment the employer challenged both the judge's determination that the case was settled and the fee award. We would be inclined to agree with the judge if we addressed the settlement issue. However, in light of our disposition of this appeal and the employer's evident willingness to settle the case as long as it prevailed on its fee argument, we conclude the issue is moot.