BARBOUR FLAX SPINNING COMPANY v. HAGERTY.

Submitted December 4, 1913—Decided February 24, 1914.

An award for a partial injury to the motion of the arm of the same compensation as the statute fixes for the loss of the arm, is not in compliance with the statutory mandate that the compensation shall bear such relation to the amounts stated in the schedule as the disabilities bear to those produced by the injuries named in the schedule.

On *certiorari* to Hudson Pleas.

Before Justices SWAYZE and BERGEN.

For the petitioner, *Raymond, Mountain, Van Blarcom & Marsh.*

For the prosecutor-defendant, *Walter L. Glenney.*

The opinion of the court was delivered by

SWAYZE, J. The trial judge found that the petitioner sustained a compound fracture of the right arm at the elbow, and that owing to a bony growth caused by the fracture, he is permanently unable to bend his arm at the elbow as formerly, and will be unable to bend it more than ninety degrees; he thereupon awarded compensation at the rate of $5 per week for a period of two hundred weeks. There is no finding that the compensation bears such relation to the amounts stated in the schedule of the act as the disabilities bear to those produced by the injuries named in the schedule. There could be no such finding since the compensation awarded was the same as the statute provides for the loss of an arm, and larger than it provides for the loss of a hand. The petitioner seeks to justify this allowance on the authority of *James A. Banister Co.* v. *Kriger*, 55 *Vroom* 30. That case, however, arose under a different provision of the act; the number of weeks for which the allowance was to be made was fixed by the statute; it was only the amount that was subject to variation and variation was prevented by the clause fixing a minimum of $5 per week. The legislature seems to have thought our construction too liberal to the employe, for it amended the act in 1913, immediately after our decision. *Pamph. L.*, pp. 302, 304. In the present case no period of time is fixed during which the compensation must be paid, and we are not therefore restricted by the words of the statute as we were in the case cited. We are at liberty to regard the reason of the case and that compels the conclusion that an award for a partial injury to the motion of the arm, of the same compensation as the statute fixes for the loss of the arm, is not in compliance with the statutory mandate that the compensation shall bear such relation to the amounts stated in the schedule as the disabilities bear to those produced by the injuries named in the schedule. The difference between the present case and the Kriger case is strikingly shown by the fact that there the number of weeks was fixed at thirty-five; here no number of weeks at all is fixed; and there is no reason why

two hundred weeks (the period fixed for the loss of an arm) should be chosen rather than one hundred and fifty weeks (the period fixed for the loss of a hand) ; indeed there is no reason why either should be chosen. In that situation the only thing possible is to determine the relation between the injury actually sustained and the injuries specifically mentioned in the schedule. This result requires a reversal of the judgment. Since the case must be reheard, it may be well to call attention to the fact that the case shows that the amount allowed by the statute was paid during fifty-two weeks. No credit was given for this payment. The petition avers that it was received from the insurance company *of the defendant.* The admission at the trial was that it was paid by the defendant. If that is true, or if the premium for the insurance had been paid by the defendant, credit should have been given. If, however, the payment was by virtue of insurance paid for by the petitioner, the defendant is entitled to no credit therefor. As the proof stands, there was error.

The judgment is reversed, without costs, and the record is remitted for a new trial.