DAVID LEVINS, RESPONDENT, v. FULTON SPECIALTY COMPANY, APPELLANT.

Argued June 22, 1923—Decided September 28, 1923.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"On October 21st, 1915, David Levins was injured at the factory of the Fulton Speciality Company in the city of Elizabeth. In August, 1916, he filed his petition with the Union County Court of Common Pleas, asking for compen-

sation under the Workmen's Compensation act. The case was heard by the court, and on November 2d, 1916, a final judgment was rendered by which the Fulton Specialty Company was to pay to Levins $10 per week for four hundred weeks, as the court adjudged that Levins was totally disabled by the accident. On January 28th, 1918, Levins had so far recovered from his injury that he was able to enter the employ of the Russel-Schwartz Company at a weekly wage in excess of that which he had been receiving at the time of his injury. The Fulton Specialty Company, through its insurance carrier, paid compensation to Levins, however, until December 20th, 1920, although it appears from the record that these payments were made with knowledge of the fact that Levins was working. In November, 1921, the Fulton Specialty Company presented its petition to the Court of Common Pleas of Union county, praying for a cancellation of the order of November 2d, 1916, and asking that Levins repay to the Fulton Specialty Company the sum of money collected and received by him from the petitioner from January 28th, 1918. Upon this petition testimony of various physicians and others was taken, and the judge of the Court of Common Pleas, on February 14th, 1922, filed a determination to the effect that on January 11th, 1922, the petitioner had recovered from his disability and canceled the judgment as of the date of January 11th, 1922. In the determination of the judge of the Union County Court of Common Pleas, he said: 'I do not think that the testimony is sufficient to justify a finding that petitioner's recovery antedated such examination, there being practically no testimony upon the point.' The prosecutor, the Fulton Specialty Company, now contends that this determination should be set aside, and that it should be held that Levins was cured as of the date of January 28th, 1918, which was the date of his entering the employ of the Russel-Schwartz Company, and that the money paid by the Fulton Speciality Company subsequent to January 28th, 1918, should be repaid by Levins to the prosecutor.

"The position of the prosecutor, we think, is untenable. We agree with the determination of the judge that the testimony is insufficient to justify a finding that the petitioner's recovery antedated the examination   We think it does not follow that if a man returns to work that he is completely cured of his disability.   The payments also, up to December, 1920, had been made for some time with the knowledge that Levins had returned to his work.   The remedy of the prosecutor was to apply sooner under the statute for a modification or cancellation of the order of November 2d, 1916.   The proceeding is a statutory one, and there is no provision in the statute for a return of any money which may have been paid either voluntarily or involuntarily to an injured workman.   Statutory proceedings must be closely followed.   A statute cannot be construed to give to a court powers other than those specifically mentioned in the act.

"The order of the Union County Court of Common Pleas as made will be affirmed, with costs."

For the appellant, *Frank G. Turner.*

For the respondent, *Gilhooley & Bender.*

PER CURIAM.

· The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, WHITE, HEPPENHEIMER, VAN BUSKIRK, JJ.   9.

*For reversal*—None.