BEACH CONSTRUCTION COMPANY, PROSECUTOR, v. JOHN L. SULLIVAN, DEFENDANT.

Submitted May term, 1935—Decided July 22, 1935.

Before Justices Parker, Case and Bodine.

For the prosecutor, *Edwin J. O'Brien*.

For the defendant, *Thomas F. Shebell*.

Per Curiam.

Sullivan, unassisted, was in the act of lifting a radiator of more than three hundred pounds weight. He experienced a slight blow from the radiator, felt a sharp stinging pain in the location of the appendix, fell to the floor where he remained in agony for about ten minutes, was placed in bed for a few hours, then taken to the hospital and there, the next morning, was operated upon for appendicitis. That the lifting of the radiator was in the course of his employment and that, when operated upon, he actually had an acute appendicitis are accepted facts.

Prosecutor contends that the radiator incident was neither the underlying nor the provoking cause of the appendicitis. The deputy commissioner, sitting for the workmen's com-

pensation bureau, found that Sullivan had not carried the burden of proving the affirmative of that proposition and therefore dismissed the application for compensation. The Common Pleas, on appeal, found to the contrary and granted temporary compensation from January 31st, 1933, to June 5th, 1933, together with medical and hospital expenses. The dispute is factual and there are proofs both ways. We have reviewed the testimony and find substantial support, including expert medical testimony, for the judgment in the Common Pleas. The proofs sustain the finding in that court.

It is next said that compensation over too long time was allowed; and the proofs are that from the beginning of the disability on January 31st, 1933, until March 20th, 1933, Sullivan was paid his full wage. It is also in proof that Sullivan used $50 of this money to pay men for doing his work during the early period of his incapacity. Money paid by the employer and disbursed for the employer's uses is not in satisfaction of disability payments allowed by the statute. The net that remained in Sullivan's hands after paying his substitutes should be credited in reduction of the order.

Prosecutor's final point is that the court below erred in its allowance for hospital and medical expenses for the reason that the employer had not authorized the operation and had neither been requested to supply medical aid nor refused to do so. Sullivan's superior—one Tice, manager of the apartment house where Sullivan was employed—was informed of the accident immediately after it happened, and drove Sullivan to the hospital. Considering the emergent need for surgical treatment we are perplexed as to what other notification or solicitation was possible. The provisions of section 14 of the Workmen's Compensation act as amended by chapter 149 (*Pamph. L.* 1928; *Cum. Supp. Comp. Stat.* 1925-1930, *p.* 1981, § **236-14), were, we think, complied with.

The record will be remitted to the pleas and the order will be amended to give the credit above mentioned; without costs on this *certiorari* proceeding.