194 N.J. Super. 27 (1984)
475 A.2d 1278
NEW JERSEY MANUFACTURERS INSURANCE COMPANY, PLAINTIFF-RESPONDENT,
v.
LUCILLE CRANE BLAU, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 14, 1984.
Decided June 1, 1984.
*28 Before Judges BISCHOFF, PETRELLA and BRODY.
Robert Crane argued the cause for appellant (Elwell & Crane, attorneys; Paula L. Crane on the brief).
Francis T. Giuliano argued the cause for respondent (Mattson, Madden & Polito, attorneys; Andrew S. Polito, John R. Leith and Francis T. Giuliano, of counsel; Francis T. Giuliano and John R. Leith on the brief).
The opinion of the Court was delivered by BISCHOFF, P.J.A.D.
The chief issues raised by this appeal are whether a workers' compensation insurance carrier may maintain a suit to recover benefits paid after a recipient is no longer entitled to benefits *29 and, if so, should such an action be instituted in the Superior Court or in the Division of Workers' Compensation.
The basic facts are undisputed. Ludwig Crane, deceased husband of petitioner, had a history of heart trouble. He made claim for workers' compensation benefits during his lifetime and was awarded 30% of partial total disability on July 3, 1962 and an additional 20% of partial total disability on April 3, 1975. On July 27, 1976 Mr. Crane suffered another heart attack, while at work, from which he died. His widow, Lucille Crane, filed a dependency claim petition on September 17, 1976. When her claim was reached for trial the petition was converted into an application for modification of the earlier judgments which awarded her husband partial total disability benefits. This application was settled, the settlement approved and an order entered April 11, 1978 providing that the deceased petitioner was 100% totally disabled as a result of multiple myocardial infarcts and the petitioner's widow was awarded 450 weeks at $108. per week for a total payment of $48,600. A reduction of $10,175 was provided because of the previous payments totalling that amount made to the deceased during his lifetime by the carrier. The order approving the settlement specifically provided that "Petitioner's death on 9/27/76 is not related to his employment in the respondent."
The widow received monthly payments of $432. On June 10, 1979 she remarried. She did not inform the insurance carrier of this fact and continued to sign and cash the checks she continued to receive in her former married name. On or about May 4, 1981 the insurance carrier inquired of petitioner as to whether she had remarried. She admitted she had and the carrier stopped making payments of the funds awarded by the order approving the settlement, contending her marriage caused a forfeiture of any funds remaining due under the settlement.
In February 1982 petitioner filed a motion in the Division of Workers' Compensation to compel the insurer to resume payments *30 of monthly benefits pursuant to the settlement of April 1978. This motion is still pending in the Division.
In April or May of 1982 the insurance carrier filed suit in the New Jersey Superior Court, Law Division seeking recovery from the widow of payments of compensation benefits wrongfully received. The carrier based its action on the doctrine of unjust enrichment. Petitioner-defendant filed a counterclaim in the Law Division seeking an order compelling the insurance carrier to resume payment of benefits to her notwithstanding the fact of her remarriage.
Petitioner-defendant moved for a summary judgment dismissing the complaint alleging 1) jurisdiction over alleged overpayments was exclusively in the Division of Workers' Compensation; 2) the alleged overpayments in this case were not recoverable as a matter of law; 3) the insurer's action was forum shopping and placed petitioner-defendant in a position of violating the entire controversy doctrine.
That motion was denied. The carrier's subsequent motion to dismiss petitioner-defendant's counterclaim on the ground the exclusive jurisdiction to hear it was in the Division was granted.
With leave granted, petitioner-defendant appeals from the denial of her motion to dismiss plaintiff's complaint and from the dismissal of her counterclaim.
The threshold issue is whether the Superior Court or the Division of Workers' Compensation (Division) has jurisdiction to hear and to determine the insurance carrier's claim for recovery of benefits paid to petitioner-defendant after she was allegedly not entitled to receive the benefits. N.J.S.A. 34:15-49 provides in pertinent part:
34:15-49. Original jurisdiction of claims; salaries of director and judges; qualifications of judges
The Division of Workers' Compensation shall have the exclusive original jurisdiction of all claims for workers' compensation under this chapter.
Our Supreme Court has said:
We interpret "exclusive original jurisdiction" as used in N.J.S.A. 34:15-49 to mean only that workmen's compensation cases must arise in the first instance *31 in the Workers' Compensation Division. The phrase serves the administrative function of channeling all cases to the agencies specifically created to hear them, and ordinarily as complete a record as possible should be made before that tribunal. [Handleman v. Marwen Stores Corp., 53 N.J. 404, 412 (1969)] (Emphasis in original.)
Relevant cases arising under the statute support the general proposition that all claims for workers' compensation benefits fall within the exclusive jurisdiction of the Division. Doe v. St. Michael's Medical Center of Newark, 184 N.J. Super. 1 (App. Div. 1982) (Plaintiff, a medical technician employed in a hospital was sexually assaulted in her dormitory room there, was held barred from prosecuting a common law claim for damages against the hospital based on the alleged lack of security at the hospital by the exclusive remedy provided by the Workers' Compensation Act, N.J.S.A. 34:15-8); Seltzer v. Isaacson, 147 N.J. Super. 308, 313 (App.Div. 1977) (the exclusive remedy for an assault committed by an employer upon an employee is in the Division); Solimano v. Consolidated Mutual Ins. Co., 146 N.J. Super. 393 (Law Div. 1977) (the determination of the existence of benefits under the Workers' Compensation Insurance Act as a collateral source under personal injury protection coverage (PIP), N.J.S.A. 39:6A-5, must be made in the Division). See also U.S.F. & G. v. Thirion, 123 N.J.L. 29 (Sup.Ct. 1939); Young v. Western Electric, 189 N.J. Super. 1, 7-8 (App. Div. 1982), certif. granted 95 N.J. 175 (1983).
Plaintiff carrier argues that its action is based on the common law doctrine of unjust enrichment, and that had it attempted to recover its overpayments in the Division there would be no remedy afforded to the plaintiff since such an action to recover funds is not specifically provided for in the Act citing Levins v. Fulton Specialty Co., 99 N.J.L. 280 (E. & A. 1924); DiMeglio v. Slonk Construction Co., 121 N.J.L. 366 (Sup.Ct. 1938) aff'd o.b. 122 N.J.L. 379 (E. & A. 1939); IFKA v. International Smelting & Refining Co., 188 N.J. Super. 586 (App.Div. 1983). The reasoning underlying this holding is stated in the Levins case as follows:

*32 ... The payments also, up to December, 1920, had been made for some time with the knowledge that Levins had returned to his work. The remedy of the prosecutor was to apply sooner under the statute for a modification or cancellation of the order of November 2d, 1916. The proceeding is a statutory one, and there is no provision in the statute for a return of any money which may have been paid either voluntarily or involuntarily to an injured workman. Statutory proceedings must be closely followed. A statute cannot be construed to give to a court powers other than those specifically mentioned in the act. [Levins v. Fulton Specialty Co., 99 N.J.L. at 282]
There are other cases which, inferentially at least, cast doubt upon the viability of these holdings. Great American Ins. Co. v. Yellen, 58 N.J. Super. 240 (App.Div. 1959); IFKA v. International Smelting & Refining Co., 188 N.J. Super. 586; Verra v. Mayor & Council of Hoboken, 70 N.J. Super. 422, 426 (App. Div. 1961). We need not resolve that issue. Our primary concern is to determine where that issue is to be litigated and an appropriate record made.
We conclude that the exclusive original jurisdiction of the Division over all claims for workers' compensation benefits includes a claim to recover such benefits when paid in the circumstances alleged here. N.J.S.A. 34:15-49. Basically, plaintiff carrier's claim for recovery based on unjust enrichment and petitioner-defendant's claim for continuation of benefits depend, at least in part, on whether petitioner-defendant has retained or lost her dependent status under the Workers' Compensation Act. N.J.S.A. 34:15-12(e); N.J.S.A. 34:15-13(f); Jones v. N.J. Mfrs. Cas. Ins. Co., 77 N.J. Super. 147, 152-154 (App.Div. 1962). That issue is within the exclusive jurisdiction of the Division.
Where, as here, a carrier discontinues making payments due under the terms of an existing order, proceedings to compel continuation of payments, beyond question, are within the exclusive jurisdiction of the Division. We see no reason to reach a different result as to jurisdiction where the carrier institutes an action to recover payments alleged to have been improperly received under a similar order. We recognize that in an action by an employer-carrier to recover benefits paid the employee might be able to assert defenses that could not be raised as *33 issued in a proceeding to enforce payments. Great American Ins. Co. v. Yellen, 58 N.J. Super. 240 (App.Div. 1959). There is no reason why that fact should impact adversely on the exclusive jurisdiction of the Division to hear and determine an action by the employer or carrier to recover payments made. The Division has broad authority to decide "a complex issue of policy or statutory construction." Williams v. Bituminous Casualty Corp., 51 N.J. 146, 153 (1968); see also IFKA v. International Smelting & Refining Co., 188 N.J. Super. 586 where jurisdiction to determine a similar claim was exercised in the Division.
We express no view as to whether under the statute the Division has authority to order restitution. We simply hold that the exclusive jurisdiction of the Division includes a claim to recover benefits paid under the circumstances alleged here.
We therefore hold that plaintiff's claim for the recovery of benefits and defendant's counterclaim for continuation of benefits are properly cognizable exclusively in the Workers' Compensation Division. We reverse the order entered in the trial court dismissing the defendant's counterclaim and direct that the complaint and the counterclaim be transferred to the Division of Workers' Compensation for further proceedings. R. 1:13-4(a); Townsend v. Great Adventure, 178 N.J. Super. 508, 517 (App.Div. 1981).
Reversed in part and transferred to the Division of Workers' Compensation.