883 A.2d 384 (2005)
380 N.J. Super. 507
Mark WALLACE, Petitioner-Respondent,
v.
SUMMERHILL NURSING HOME, Respondent-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued May 17, 2005.
Decided July 15, 2005.
*385 Peter Ventrice, Metuchen, argued the cause for appellant (Brause, Brause & Ventrice, attorneys; Mr. Ventrice, of counsel and on the brief).
Allan L. Lockspeiser, Perth Amboy, argued the cause for respondent (Wysoker, Glassner, Weingartner, Gonzalez & Lockspeiser, attorneys; Mr. Lockspeiser, on the brief).
Before Judges LEFELT, ALLEY and FUENTES.
The opinion of the court was delivered by
FUENTES, J.A.D.
This appeal is taken from an order entered by the judge of compensation enforcing a settlement agreement reached by the parties in a workers' compensation case. Petitioner's employer, respondent Summerhill Nursing Home, argues that the court committed reversible error by refusing to set aside the settlement based on a mutual mistake of fact. After reviewing the record, we agree with respondent's position and reverse.
These are the salient facts. On December 9, 1999, Mark Wallace filed a workers' compensation petition for an injury to his leg he suffered in a work-related accident. While the petition was pending, respondent Summerhill Nursing Home's workers' compensation carrier began making voluntary, permanent partial disability payments to Wallace at the rate of $144 per *386 week, until such time as he was evaluated for permanency and a precise number of weeks could be determined. It is undisputed that these payments continued, uninterrupted, from October 28, 1999 to September 27, 2000, for a total $8,784.
A trial began before the judge of compensation on January 29, 2002. The parties reached a settlement agreement on September 9, 2003, through which Summerhill agreed to pay Wallace $7,938, representing a 17.5% partial permanent disability of his leg. On or around November 2, 2003, Wallace filed a notice of motion to compel payment and assess penalties and fees. Summerhill cross-moved to vacate the settlement. The supporting certification stated that after entry of the settlement agreement, Summerhill's counsel discovered that petitioner had received a voluntary payment in excess of the original settlement, and requested that the settlement order be amended to delete attorney's fees and costs, or vacated. The judge of compensation denied Summerhill's motion and ordered payment of the settlement agreement.
The legal question before us is a narrow one: are there grounds, based on this record, to set aside the settlement utilizing the doctrine of mutual mistake? "A compromise which is the result of a mutual mistake is not binding and consent to a settlement agreement is not considered freely given when it is obtained as the result of a mistake." Lampley v. Davis Mach. Corp., 219 N.J.Super. 540, 550, 530 A.2d 1254 (App.Div.1987). "The doctrine of mutual mistake applies when a `mistake was mutual in that both parties were laboring under the same misapprehension as to [a] particular, essential fact.'" Bonnco Petrol, Inc. v. Epstein, 115 N.J. 599, 608, 560 A.2d 655 (1989) (quoting Beachcomber Coins, Inc. v. Boskett, 166 N.J.Super. 442, 446, 400 A.2d 78 (App.Div.1979)). Generally,
where parties on entering into a transaction that affects their contractual relations are both under a mistake regarding a fact assumed by them as the basis on which they entered into the transaction, it is voidable by either party if enforcement of it would be materially more onerous to him than it would have been had the fact been as the parties believed it to be.
[Beachcomber, supra, 166 N.J.Super. at 445, 400 A.2d 78 (quoting Restatement, Contracts, § 502 at 961 (1932)).]
Finally, a party's negligent failure to know or to discover the facts that resulted in the mutual mistake does not preclude the rescission or reformation of the contract. Beachcomber, supra, 166 N.J.Super. at 445, 400 A.2d 78.
Here, the guiding principle is fairness. Wallace was legally entitled to receive fair compensation for the injury to his leg. When the judge of compensation approved the settlement, all involved, including the judge, concluded that the amount involved ($7,938) was fair and adequate compensation for the injury to Wallace's leg. He is not entitled to more than double his monetary recovery for this accident, merely because the attorneys involved in negotiating the settlement were unaware of the previous voluntary payments. Young v. W. Elec. Co., 96 N.J. 220, 475 A.2d 544 (1984); Montgomery v. Abex Corp., 253 N.J.Super. 480, 483, 602 A.2d 290 (App.Div.1992).
Reversed.