188 N.J. Super. 586 (1983)
458 A.2d 126
THERESA IFKA, PETITIONER-RESPONDENT,
v.
INTERNATIONAL SMELTING AND REFINING COMPANY, N/K/A ANACONDA COMPANY, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 25, 1983.
Decided February 9, 1983.
Before Judges MATTHEWS and ANTELL.
Richard A. Fazzari, argued the cause for respondent-appellant (Arthur W. Burgess, attorney).
Lester S. Goldblatt, argued the cause for petitioner-respondent (Mandel, Wysoker, Sherman, Glassner & Weingartner, attorneys).
PER CURIAM.
Petitioner received a dependency award on April 17, 1973 entitling her to 450 weeks of disability at $62 a week. The *587 judgment further provided that benefits would continue after the 450 weeks, subject to N.J.S.A. 34:15-13(j). That statute provides that after the 450 weeks have expired any earnings received by the dependent are to be deducted from the compensation thereafter payable. The 450 weeks expired October 14, 1976, but respondent continued to pay benefits to petitioner for a period of four years in a sum totaling $13,000. The compensation judge held that respondent is neither entitled to reimbursement from petitioner nor to a credit for $13,000 against future payments which may fall due under the award.
DiMeglio v. Slonk Const. Co., 121 N.J.L. 366 (Sup.Ct. 1938), aff'd 122 N.J.L. 379 (E. & A. 1939), is authority for the proposition that voluntary overpayments are not recoverable. The principle applies to respondent's claim for credit against future payments. We agree that the burden rested on respondent to ascertain whether and in what amounts benefits were payable after the expiration of 450 weeks. Nothing in the record suggests that the dependent had actual knowledge of what her obligations were.
Affirm.