569 A.2d 301

FRANK TORRES, PETITIONER–APPELLANT, v. STEVE MILLER, T/A MILLER LANDSCAPING, RESPONDENT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued December 4, 1989—Decided January 30, 1990.

Before Judges PETRELLA, HAVEY and STERN.

*Kenneth E. Joel* argued the cause for appellant (*Kenneth E. Joel* on the brief).

*Robert E. Manning,* Jr., argued the cause for respondent (*Michael Muscio,* attorney; *Robert E. Manning* on the brief).

The opinion of the court was delivered by

HAVEY, J.A.D.

In this workers' compensation case, the primary issue raised on appeal is whether an employer may modify or rescind a pre-hearing offer of compensation to an employee for partial-permanent disability made pursuant to *N.J.S.A.* 34:15–64. The judge of compensation concluded that an unpaid offer may be modified or rescinded prior to entry of the award. We agree and now affirm.

The facts are not in dispute. Petitioner suffered a compensable injury to his right hand on May 18, 1987. Respondent paid petitioner 20 weeks of temporary disability until October 5, 1987, at the rate of $268.80 per week, for a total of $5,376. Respondent also made an "Offer and Tender" to petitioner of 52.5 weeks at $80 per week for partial-permanent disability, totaling $4,200. Pursuant to this offer, payments were made in the amount of $80 per week from October 5, 1987 until February 21, 1988. The offer was based on respondent's estimate that petitioner had sustained a 75% partial-permanent loss of use of the first finger of the right hand, and 2½% partial-total relating to skin removed from a donor site.

On March 7, 1988, respondent notified petitioner that he had been overpaid temporary disability in the amount of $1,456 based on an incorrect rate applied by respondent. Payment was made at the rate of $268.80 per week, rather than at the correct rate of $196. Respondent advised petitioner that it was suspending the $80 per week payments on partial-permanent until June 29, 1988.

As of the time of the hearing, conducted on October 5 and November 16, 1988, respondent had paid $2,744 to petitioner for his partial-permanent disability. At the hearing, petitioner argued that since respondent had made an offer of $4,200, it should be compelled to pay the entire amount. The judge of compensation disagreed, concluding that an offer to pay made pursuant to *N.J.S.A.* 34:15–64 is not a "voluntary offer until the payment is made" and therefore, respondent may modify or withdraw the offer to pay the unpaid balance at any time prior to the entry of the award. The judge thereupon reviewed the evidence adduced at the hearing and concluded that petitioner sustained a 50% permanent-partial disability of the right first finger and 25% of the right second finger, entitling him to 35 weeks at the rate of $80 per week, for a total of $2,800. Also, the judge rejected respondent's demand for a recoupment of the $1,456 in overpayment for temporary disability, concluding that he had no authority under the Workers' Compensation Act to order such a recoupment.

The thrust of petitioner's argument on appeal is that an offer once made by respondent is irrevocable unless petitioner rejects the offer prior to the hearing. He argues that respondent's pre-hearing suspension of the $80 per week payments deprived him of the benefit of the offer since, if respondent had not suspended payments, petitioner would have received the entire $4,200 as of the date of the hearing.

*N.J.S.A.* 34:15–64 allows a judge of compensation to award petitioner attorney fees not to exceed 20% of the judgment. It also provides, in pertinent part, that:

When, however, at a reasonable time, prior to any hearing compensation has been offered and the amount then due has been tendered in good faith or paid within 26 weeks from the date of the notification to the employer of an accident or an occupational disease or the employee's final active medical treatment or within 26 weeks after the employee's return to work whichever is later or within 26 weeks after employer's notification of the employee's death, the reasonable allowance for attorney fee shall be based upon only that part of the judgment or award in excess of the amount of compensation, theretofore offered, tendered in good faith or paid.

The Legislature's evident intent in passing *N.J.S.A.* 34:15–64 was to encourage employers to offer compensation at a reasonable time prior to the hearing by providing a mechanism for reducing the amount of attorney fees that may be awarded when the employer has made such an offer in good faith. *See Young v. Western Elec. Co., Inc.*, 96 *N.J.* 220, 226, 475 *A.*2d 544 (1984). The provision serves the remedial purpose of encouraging employers to comply promptly with their affirmative obligation to pay compensation benefits when they first receive notice of a work-connected accident and resulting disability. *Moore v. Magor Car Corp.*, 27 *N.J.* 82, 86, 141 *A.*2d 536 (1958). Thus, *N.J.S.A.* 34:15–64 has a dual purpose: first, to create "additional incentive for a prompt response by the employer to the workman's claim for benefits," and second, to give greater protection to the claimant's attorney who invests substantial time and effort prior to the offer to pay. *Moore, supra*, 27 *N.J.* at 87, 141 *A.*2d 536; *see also Davala v. American Bridge Co.*, 36 *N.J.Super.* 274, 278, 115 *A.*2d 581 (App.Div.1955). Of course, the offer, tender or payment must not only be timely, but be made unconditionally and in good faith. *Coponi v. Federal Industries*, 31 *N.J.* 1, 6–8, 155 *A.*2d 1 (1959).

■ We do not glean from this statutory language a legislative intent to make such good faith offers binding and irrevocable to the extent that payments pursuant thereto have not yet been made. Firstly, the provision does not state that the offer is irrevocable. Secondly, to so hold would deny the employer the right to rescind an offer improvidently made, perhaps based on an inaccurate or insufficient medical examination of petitioner. Such a result frustrates the statutory purpose of providing permanent disability to an employee only to the extent he or she has suffered physical impairment. *See Young, supra*, 96 *N.J.* at 226, 475 *A.*2d 544; *Perez v. Pantasote, Inc.*, 95 *N.J.* 105, 111, 469 *A.*2d 22 (1984). Moreover, it would discourage employers from making good faith offers of compensation prior to the hearing. *See Young, supra*, 96 *N.J.* at 226, 475 *A.*2d 544. As stated, by making the offer and

payment thereon prior to the hearing, the employer satisfies the statutory purpose of providing prompt payment to the employee, and at the same time minimizes its exposure to assessment of counsel fees. However, if prior to the hearing the employer rescinds the offer and makes no further payments, it exposes itself to a statutory award of an attorney's fee to the extent the final award exceeds the payments made.

The cases on which petitioner relies, in arguing that an offer made pursuant to *N.J.S.A.* 34:15–64 is irrevocable, are inapposite. Each case is authority for the proposition that the Division of Workers' Compensation is without statutory authority to order repayment of voluntary *overpayments* made by the employer. For example, in *Ifka v. International Smelting and Refining Co.*, 188 *N.J.Super.* 586, 587, 458 *A.*2d 126 (App.Div.1983), we affirmed the compensation judge's denial of respondent's application to recover $13,000 in dependency benefits paid after the statutory 450 weeks had expired. *See N.J.S.A.* 34:15–13(j). We reasoned that "the burden rested on respondent to ascertain whether and in what amounts benefits were payable after the expiration of 450 weeks." *Ifka, supra,* 188 *N.J.Super.* at 587, 458 *A.*2d 126.

Also, in *Levins v. Fulton Specialty Co.*, 99 *N.J.L.* 280, 282, 122 A. 343 (E. & A.1923), the court affirmed the denial of an employer's application for return of compensation paid after petitioner had returned to work with a different employer. The court reasoned:

> The remedy of the prosecutor was to apply sooner under the statute for a modification or cancellation of the order of November 2d, 1916. The proceeding is a statutory one, and *there is no provision in the statute for a return of any money* which may have been paid either voluntarily or involuntarily to an injured workman. Statutory proceedings must be closely followed. *A statute cannot be construed to give to a court powers other than those specifically mentioned in the act.* [*Ibid;* emphasis supplied].

Similarly, in *Verra v. Hoboken,* 70 *N.J.Super.* 422, 426, 175 *A.*2d 665 (App.Div.1961), we held that an employer was not entitled to credit against an award for permanent disability where the parties had agreed that wages paid to the employee

prior to the proceeding in excess of temporary disability payments were to be credited against the permanent disability award. We so held because the Division had "no power to give the credit claimed." *Ibid; see also DiMeglio v. Slonk Construction Co.*, 121 *N.J.L.* 366, 370–371, 2 *A.*2d 470 (Sup.Ct. 1938), aff'd 122 *N.J.L.* 379, 5 *A.*2d 691 (E. & A.1939). *But see New Jersey Mfrs. Ins. Co. v. Blau*, 194 *N.J.Super.* 27, 31–32, 475 *A.*2d 1278 (App.Div.), certif. granted and summarily remanded 99 *N.J.* 158, 491 *A.*2d 671 (1984), confirmed on remand 199 *N.J.Super.* 1, 2, 488 *A.*2d 220 (App.Div.1985) (questioning the validity of the holdings in *Ifka* and *Levins* that the Division cannot order repayment of overpaid benefits); and *see Hajnas v. Engelhard Min. & Chem. Co.*, 231 *N.J.Super.* 353, 362–363, 555 *A.*2d 716 (App.Div.1989).

█ Unlike the employers in *Ifka, Levins* and *DiMeglio,* respondent here did not call upon the Division to order petitioner to return overpayments of compensation. Indeed, respondent concedes that the judge was without authority to order repayment by petitioner of the $1,456 overpayment of temporary disability. Essentially, what respondent did was reduce the partial-permanent disability offer prior to the hearing because it realized the Division was without authority to order repayment of the overpaid temporary disability. We find nothing in the cited cases or the Workers' Compensation Act that precluded respondent from reducing the pretrial offer for that purpose.

Affirmed.